*10*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA                    CASE NO. 13-CR-20158

     v.                                        HON. NANCY G. EDMUNDS

D-5  JOSE MERCADO-FRANCIS, M.D.,            VIO: 18 U.S.C. § 1349

        Defendant.

_____/

## SUPERSEDING INFORMATION

THE UNITED STATES OF AMERICA CHARGES:

### General Allegations

At all times relevant to this Superseding Information:

    1.    The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare beneficiaries.

    2.    Medicare was a health care benefit program, as defined by 18 U.S.C. § 24(b).

3.     The Medicare program included coverage under two primary
components— hospital insurance ("Part A") and medical insurance ("Part B"). Part
A covered physical therapy, occupational therapy, and skilled nursing services if a
facility was certified by CMS as meeting certain requirements. Part B covered the
cost of physicians' services and other ancillary services not covered by Part A.
Under certain circumstances, Part B covered the cost of "home visits" for
evaluation and management of services provided to a beneficiary by a physician in
a private residence.

4.     Medicare Part B in the State of Michigan was administered by
Wisconsin Physicians Service ("WPS"), a company that contracted with CMS to
receive, adjudicate, process, and pay certain Part B claims, including services
related to physician home visits.

5.     TrustSolutions LLC was the Program Safeguard Contractor for
Medicare Part A and Part B in the state of Michigan until April 24, 2012, when it
was replaced by Cahaba Safeguard Administrators LLC.

6.     By becoming a participating provider in Medicare, enrolled providers
agreed to abide by the policies and procedures, rules, and regulations governing
reimbursement. In order to receive Medicare funds, enrolled providers, together
with their authorized agents, employees, and contractors, were required to abide by
all the provisions of the Social Security Act, the regulations promulgated under the

2

Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

7.     Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

8.     Medicare Part B regulations required health care providers enrolled with Medicare to maintain complete and accurate medical records reflecting the medical assessment and diagnoses of their patients, as well as records documenting actual treatment of the patients to whom services were provided and for whom claims for payment were submitted by the physician. These records were required to be sufficient to permit Medicare, through WPS and other contractors, to review the appropriateness of Medicare payments made to the health care provider under the Part B program.

9.     Under Medicare Part B, a provider billing for a physician home visit was required to document the medical necessity of the service in lieu of an office

3

or outpatient visit, to document the date the service was performed, and to identify the provider who performed the service. To be reimbursed for physician home visits purportedly provided by a physician, Medicare required that the physician be physically present in the home at the time the service was provided.

10.     In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, patient, and services rendered.

11.     Providers could only submit claims to Medicare for services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

12.     House Calls Physicians, PLLC ("HCP"), was a Michigan limited liability company, organized in or around January 2006, doing business at 6842 Park Avenue, Allen Park, Michigan. HCP was enrolled as a participating provider with Medicare and submitted claims directly to Medicare.

13.     JOSE MERCADO-FRANCIS, M.D., a resident of Wayne County, Michigan, held himself out to be a licensed medical doctor and purported to provide physician home visits for HCP to beneficiaries in the State of Michigan. MERCADO-FRANCIS was not a licensed physician in the State of Michigan.

## COUNT 1
## (18 U.S.C. § 1349—Health Care Fraud Conspiracy)

14.    Paragraphs 1 through 13 of the General Allegations section of this Superseding Information are realleged and incorporated as though fully set forth herein.

15.    From in or around September 2009, and continuing through in or around February 2012, the exact dates being unknown to the United States, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendant, MERCADO-FRANCIS, Hicham Elhorr, M.D., and others did willfully and knowingly combine, conspire, confederate, and agree with others, known and unknown to the United States, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Conspiracy

16.    It was a purpose of the conspiracy for defendant MERCADO-FRANCIS, Hicham Elhorr, M.D., and others to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent claims to Medicare; (b)

5

concealing the submission of false and fraudulent claims to Medicare, the receipt

and transfer of the proceeds from the fraud, and the payment of kickbacks; and (c)

diverting proceeds of the fraud for the personal use and benefit of the defendant

MERCADO-FRANCIS and Hicham Elhorr, M.D., and their co-conspirators.

### Manner and Means

17.     The manner and means by which the defendant and his co-

conspirators sought to accomplish the purpose of the conspiracy included, among

others, the following:

18.     Hicham Elhorr, M.D., a physician licensed in the State of Michigan,

would purchase HCP in or around 2008.

19.     In or around September 2009, MERCADO-FRANCIS began working

for Hicham Elhorr, M.D., at HCP.

20.     While employed at HCP, MERCADO-FRANCIS would hold himself

out as a licensed medical doctor and purport to perform medical examinations of

and physician home visits for Medicare beneficiaries, although MERCADO-

FRANCIS was not licensed to practice medicine in the State of Michigan.

21.     MERCADO-FRANCIS would prepare, but not sign, medical

documentation purportedly evidencing physician home visits, when in fact the

patients were not treated by a licensed physician. Co-conspirator physicians at

HCP, including Hicham Elhorr, M.D., would then sign the medical documentation

6

completed by MERCADO-FRANCIS, although such physicians had not seen or diagnosed the patients. Co-conspirator physicians, including Hicham Elhorr, M.D., also would certify patients as homebound and refer them for home health services, such as physical therapy, occupational therapy, speech pathology, and/or skilled nursing services, when in fact such physicians had not seen or assessed the patients.

22.     MERCADO-FRANCIS, Hicham Elhorr, M.D., and their co-conspirators would submit or cause the submission of false claims to Medicare for services not rendered and/or not medically necessary, including by billing for physician home visits that were provided by MERCADO-FRANCIS, who was not a licensed physician in the State of Michigan.

23.     From in or around May 2008, through in or around October 2012, MERCADO-FRANCIS, Hicham Elhorr, M.D., and their co-conspirators submitted or caused HCP to submit approximately $11.5 million in claims to Medicare for the cost of physician home visits. Of that amount, MERCADO-FRANCIS caused the submission of $1,133,171.76 in false and fraudulent physician services claims for visits actually performed by MERCADO-FRANCIS, an unlicensed individual.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS
### (18 U.S.C § 981(a)(1)(C), 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(7))

24.     The above allegations contained in this Superseding Information are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title, 18, United States Code, Sections 981 and 982, and Title 28 United States Code, Section 2461.

25.     As a result of the violation of Title 18, United States Code, Section 1349, as set forth in this Superseding Information, MERCADO-FRANCIS shall forfeit to the United States pursuant to Title 18, United States Code Section 982(a)(7), and Title 18, United States Codes, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from gross proceeds traceable to the offense.

26.     Substitute Assets: Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant MERCADO-FRANCIS shall forfeit substitute property, if by any act or omission of the defendant, property subject to forfeiture: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot  be divided without difficulty.

8

All in accordance with Title 18, United States Codes, Sections 981(a)(1)(C) and 982(a)(7), Title 28, United States Codes, Section 2461, Title 21, United States Codes, Section 853, and Rule 32.2, Federal Rules of Criminal Procedure.

Respectfully submitted,

BARBARA L. MCQUADE
*United States Attorney*

s/WAYNE F. PRATT
WAYNE F. PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9583
wayne.pratt@usdoj.gov

MATTHEW C. THUESEN
MATTHEW C. THUESEN
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 679-4187
(313) 226-0829
matthew.thuesen@usdoj.gov

CATHERINE K. DICK
CATHERINE K. DICK
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 538-4049
(313) 226-0230
catherine.dick@usdoj.gov

Dated: March 6, 2014

# ORIGINAL

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>13-CR-20158 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008  [ ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes   ☒ No | **AUSA's Initials:** _MCT_ |

**Case Title:** USA v. _JOSE MERCADO-FRANCIS, M.D._

**County where offense occurred :** _WAYNE COUNTY_

**Check One:**   ☒ **Felony**      ☐ **Misdemeanor**

_____Indictment/____Information --- **no prior complaint.**
_____Indictment/____Information --- based upon prior complaint [Case number: _____]
_____Indictment/ ✓ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _13-CR-20158_          **Judge:** _Nancy G. Edmunds_

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| D-5 JOSE MERCADO-FRANCIS, M.D. | 18 U.S.C. § 1349 | |

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

_March 6, 2014_
Date

MATTHEW C. THUESEN
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(313) 226-0829 or (202) 679-4187
matthew.thuesen@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

04/13